UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. WILSON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>    Defendants. | Case No.  C13-1567RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on "Defendants' Motion to Dismiss," dkt. # 5. Defendants Bank of America, N.A. ("BANA"),[1] Specialized Loan Servicing, LLC ("SLS"), and Deutsche Bank National Trust Company, as trustee for holders of the GSR Mortgage Loan Trust 2007-OA1 ("Deutsche Bank") (collectively "Defendants"), seek dismissal of all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6). Having reviewed all papers filed in support of and in opposition to Defendants' motion, the Court finds the following:

---

[1] Plaintiffs named "Bank of America, N.A. FKA Countrywide Home Loans Servicing, LP" and "Deutsche Bank National Trust Company; Trust GSR2007-OAL") as Defendants in their complaint. Dkt. # 1. Defendants contend that the proper corporate entities are "Bank of America, N.A." and "Deutsche Bank National Trust Company, as trustee for holders of the GSR Mortgage Loan Trust 2007-OAL." Dkt. # 5 at 1. Plaintiffs do not dispute these contentions and the Court has not determined which entities are the proper defendants as those issues do not alter the outcome of the instant matter.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 1

## I. BACKGROUND[2]

In February 2007, Plaintiffs executed a promissory note for $216,000.00, payable to the order of Countrywide Bank, N.A. ("Countrywide"). Dkt. # 1 at 22; Dkt. # 6-2 at 24-28. The promissory note was secured by a Deed of Trust on real property located at 11327 30th Avenue SE, Everett, Washington. Dkt. # 6-2 at 31-41. The Deed of Trust lists Countrywide as "lender," Commonwealth Land Title as "trustee," and Mortgage Electronic Registration Systems, Inc. ("MERS") as both "beneficiary" and "nominee." Id. at 31-32.

Plaintiffs defaulted on the loan in October 2011. Dkt. # 1 at 26. On May 11, 2012, MERS assigned its beneficial interest under the Deed of Trust to Deutsche Bank. Id. at 22. Plaintiffs contend that this assignment was "blatant fraud" designed to coerce them into resuming payments and to allow Defendants to foreclose on the property if Plaintiffs did not begin making payments on the loan. Id. at 9. On May 9, 2013, SLS, the loan servicer at the time, mailed Plaintiffs a Notice of Default and Notice of Intent to Foreclose. Id. at 26-27.

In their complaint, Plaintiffs allege that their loan has been transferred a number of times, their loan servicer has changed several times, and they have not received notice of these changes. Id. at 4-11. Plaintiffs contend that Countrywide Home Loans

---

[2] The Court considers the Deed of Trust and related documents even though they are not attached to the complaint. In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). However, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of a plaintiff's claim, and matters of public record when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Because the loan documents and court records attached to the declaration of Jacob M. Downs, dkt. # 6-1; dkt. # 6-2; dkt. # 6-3; dkt. # 6-4, fall within one or more of these categories, the Court takes judicial notice of these documents and the contents of those records will be accepted as true for purposes of this motion and construed in the light most favorable to plaintiff. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 2

Servicing LP ("CWHLS") was the loan servicer from April 2007 through April 2009; BANA was the servicer from May 2009 through October 2012; and SLS became the servicer in November 2012 and remains the current servicer. Id. at 6-7, 9-10. Plaintiffs allege that these servicers, at various times, misrepresented that Wells Fargo was the holder of the promissory note and incorrectly told them they could not refinance without paying a "Pre-Payment Penalty." Id.

This is the third lawsuit filed by Plaintiffs related to this loan. On November 30, 2011, Plaintiffs filed a complaint against "Bank of America N.A. Trust GSR2007-OA1" in Snohomish County Superior Court seeking to quiet title and alleging breach of the duty of good faith and fair dealing. Wilson v. Bank of America N.A. Trust GSR2007-OA1, C11-2146MJP (Dkt. # 6-1). After the defendant removed the case to federal district court, Plaintiffs' claims were dismissed without prejudice for failure to state a claim. Dkt. # 6-3. Six months later, Plaintiffs filed a complaint against Bank of America N.A., Wells Fargo Bank, N.A., Deutsche Bank National Trust Company, and Trust GSR2007-OA1, alleging fraud. Wilson v. Bank of America, N.A., C12-1532JLR (Dkt. # 6-2). On January 12, 2013, Plaintiffs' second complaint was dismissed without prejudice, this time for lack of standing. Dkt. # 6-4.

Plaintiffs filed the complaint in the above-captioned matter on August 30, 2013. Dkt. # 1. They assert claims of fraud, misrepresentation, and breach of the duty of good faith and fair dealing. Defendants seek dismissal of the complaint on the grounds that Plaintiffs' claims are barred by res judicata, Defendants have not been properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), and the complaint fails to state a claim upon which relief may be granted.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 3

## II. DISCUSSION

**A.   Res Judicata**

As a preliminary matter, Defendants contend that Plaintiffs' claims are barred by the doctrine of res judicata. Dkt. # 5 at 6-7. Since federal jurisdiction in this case is based upon diversity of citizenship, this Court must apply the substantive law of the forum state, which includes the law of res judicata. Jacobs v. CBS Broadcasting, Inc., 291 F.3d 1173, 1177 (9th Cir. 2002). "The doctrine of res judicata rests upon the ground that a matter which has been litigated, or in which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again." Ensley v. Pitcher, 152 Wn. App. 891, 899 (2009). Res judicata requires "identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made." Karlberg v. Otten, 167 Wn. App. 522, 536 (2012). Res judicata requires a final judgment on the merits. Id.

Under Washington law, a dismissal without prejudice is not a final judgment on the merits for the purposes of res judicata. Rose ex rel. Estate of Rose v. Fritz, 104 Wn. App. 116, 121 (2001). Because Plaintiffs' prior two complaints were dismissed without prejudice and there have been no final decisions on the merits, the present action is not barred by res judicata.

**B.   Rule 12(b)(5)**

"When a defendant moves to dismiss based upon insufficient service of process, the plaintiff has the initial burden [of] making a prima facie showing of proper service." Witt v. Port of Olympia, 126 Wn. App. 752, 757 (2005) (internal quotation marks and citation omitted). "A plaintiff may make this showing by producing an affidavit of service that on its face shows that service was properly carried out." Id. If the plaintiff

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 4

makes this showing, "the burden shifts to the defendant who must prove by clear and convincing evidence that service was improper." Id.

Rule 4(h) provides two methods for proper service on a corporate defendant. First, a plaintiff may serve a corporation pursuant to state law by serving a summons in a state court action where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A). To properly serve a corporate defendant under Washington law, a plaintiff must delivering a copy of the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). Second, Rule 4(h) allows a plaintiff to serve a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Under Washington law, service of the summons and complaint by mail is limited to the circumstances enumerated in RCW 4.28.100, which justify service by publication. Additionally, service by mail constitutes proper service only after the serving party files an affidavit "stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication" and the court issues an order for service to be completed by mail. CR 4(d)(3)-(4). Neither Washington state law nor Rule 4(h) provides for service by certified mail, absent an order by the court. Here, Plaintiffs mailed a copy of the summons and complaint to all three Defendants via certified mail with return receipt. Dkt. # 7 at 2. They do not dispute that they have failed to complete personal service on the corporate agents or any other specified

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 5

corporate representative as required by Rule 4.  Id. at 2-3.  They request, however, that the Court provide additional time to allow them to serve Defendants properly.  Id. at 3.

Rule 4(m) requires a court to dismiss an action or order service to be completed within a specified time, unless the plaintiff shows good cause for failing to properly serve a defendant within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  If good cause is shown, "the court must extend the time for service for an appropriate period."  Id.  Good cause may be demonstrated by establishing, at a minimum, excusable neglect.  Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  Under Ninth Circuit law, however, even absent a showing of good cause, a district court has "broad discretion" to extend the time for service.  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  In determining whether to grant additional time for service under Rule 4(m), "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  Id.

Plaintiffs based their request for additional time for service on their contention that Defendants received actual notice of the lawsuit.  Dkt. # 7 at 2-3.  Defendants filed a notice of appearance and a motion to dismiss.  Thus, there can be no dispute that Defendants received actual notice of Plaintiffs' complaint.  In addition, Defendants not argue that they have suffered prejudice as a result of Plaintiffs' failure to perfect proper service within 120 days.  Considering the factors above, the Court would normally be inclined to grant an extension of time for service under Rule 4.  However, because the Court finds dismissal without leave to amend appropriate under Rule 12(b)(6), the Court DENIES Defendants' request for additional time to complete service.

**C.    Rule 12(b)(6)**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  Bell

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 6

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  Id.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558.  A complaint may be lacking for one of two reasons:  (I) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  Twombly, 550 U.S. at 570.

### 1. Fraud and Intentional Misrepresentation

Rule 9 requires a plaintiff asserting a fraud claim to "state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b)'s pleading standard, "a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.' "  Cafasso, United States ex rel. v. Gen. Dynamics C4, Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).  Plaintiffs have not met this heightened standard.

Under Washington law, a fraud claim requires proof of "(1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage."  Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 166

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 7

(2012). Plaintiffs' complaint asserts a variety of legal conclusions, but it fails to allege specific facts supporting a claim of fraud. Throughout their complaint, Plaintiffs express frustration and disappointment that they were not permitted to refinance, dkt. # 1 at 8, and that their loan documents were not allegedly transferred to Deutsche Bank in a timely manner, id. at 8. However, these conclusory assertions and general complaints do not provide the who, what, when, where, and how of a properly pleaded fraud claim.

Plaintiffs' allegations regarding the loan servicers' alleged misrepresentations also fail to state a claim for relief. Plaintiffs claim that CWHLS, BANA, and SLS falsely represented that Wells Fargo was the owner of their loan. Dkt. # 1 at 6-11. While the allegations regarding Defendants' false statements and the assignment of the Deed of Trust may meet the particularity requirements of Rule 9(b), Plaintiffs have not alleged that they relied on these misrepresentations or that they suffered any damages as a result of the misrepresentations. On the contrary, Plaintiffs allege that they did not trust these representations. Id. at 8. Plaintiffs not only did not rely on these representations; they knew these particular statements were false and actively tried to correct Defendants. Id. ("Plaintiffs' (sic) sent BANA a copy of the letter they received from Wells Fargo, however, BANA continued to insist that Wells Fargo was their lender."). Finally, Plaintiffs do not allege that Defendants knew these statements were false at the time they were made.

With respect to Plaintiffs' claim that the assignment of the Deed of Trust was fraudulent, Plaintiffs have not identified a particular false representation set forth in the assignment. Moreover, Plaintiffs fail to allege that they relied on this fraudulent transfer or that they have suffered any harm as a result. As with Defendants' alleged misrepresentations regarding Wells Fargo, Plaintiffs allegations suggest that they were not misled because they did not trust the contents of the document. Id. at 8-12.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 8

1  Because negligent misrepresentation, like fraud, requires proof that a plaintiff
2  justifiably relied on a misrepresentation, Plaintiffs also fail to state a claim for negligent
3  misrepresentation. Ross v. Kirner, 162 Wn.2d 493, 499 (2007) (setting forth the
4  elements of a negligent misrepresentation claim).

### 2. Breach of Duty of Good Faith and Fair Dealing

Although not a model of clarity, Plaintiffs' claim that Defendants breached the implied duty of good faith and fair dealing appears premised on their allegation that Defendants had a duty to help Plaintiffs refinance and modify the terms of their loan. Dkt. # 1 at 7, 11. Defendants move to dismiss this claim as insufficiently pled. Dkt. # 5 at 11-12.

The Court agrees with Defendants that Plaintiffs have failed to plead a claim of breach of the duty of good faith that is plausible on its face. "There is in every contract an implied duty of good faith and fair dealing . . . that obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." Badgett v. Sec. State Bank, 116 Wn.2d 563, 569 (1991). This duty, however, does not "inject substantive terms into the parties' contract," but rather, "requires only that the parties perform in good faith the obligations imposed by their agreement." Id. (quotation marks and citation omitted). Accordingly, the duty is not "free-floating," but "exists only in relation to performance of a specific contract term." Id. at 570.

Here, Plaintiffs do not allege that Defendants performed any specific contract term in bad faith and there is no dispute that Plaintiffs received the benefit of their bargain when they received the proceeds from their loan. Id. (citing the fact that the plaintiffs received the full benefit of the contract in dismissing breach of duty claim). Instead, Plaintiffs acknowledge that "CWHLS did not have a duty to disclose [its] ability to waive the Pre-Payment Penalty associated with refinancing Plaintiffs['] loan within the first three years." Dkt. # 7 at 10. Nonetheless, Plaintiffs contend that "a

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 9

reasonable person truly invested in Plaintiffs['] loan" would have waived the fee and modified the terms of Plaintiffs' loan. Id. This allegation is insufficient to state a claim for breach of the duty of good faith and fair dealing as it is not based on a contractual obligation. Johnson v. Yousoofian, 84 Wn. App. 755, 762 (1996) ("If there is no contractual duty, there is nothing that must be performed in good faith.").

### D.     Leave to Amend

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The Ninth Circuit also takes into consideration whether a plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). However, if the proposed amendment would be futile, there is no reason to put a defendant through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

The claims asserted in this litigation are nearly identical to those presented in Wilson v. Bank of America, N.A., C12-1532JLR (and very similar to those alleged in Plaintiffs' first complaint in Wilson v. Bank of America N.A. Trust GSR2007-OA1, C11-2146MJP). After their second lawsuit was dismissed, Plaintiffs filed another version of the same complaint in this action (the only significant changes being the addition of claims for misrepresentation and breach of the duty of good faith and fair dealing). As discussed above, Plaintiffs' underlying theory of the case fails as a matter of law and there is no indication that any additional facts or claims could be pled if Plaintiffs were given another chance to revise their complaint. See In re Vantive Corp.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 10

Sec. Litig., 283 F.3d 1079, 1098 (9th Cir. 2002), abrogation on other grounds recognized by South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008). Because Plaintiffs' claims are based on defective theories and the record suggests continuing futility, leave to amend will not be given.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss (Dkt. # 5) is GRANTED.  The Clerk of Court is directed to enter judgment against Plaintiffs and in favor of Defendants.

DATED this 4th day of March, 2014.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 11